ORIGINAL

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CSBN 163973)
3  Chief, Criminal Division

4  PETER B. AXELROD (CSBN 190843)
   Assistant U.S. Attorney
5
       450 Golden Gate Ave (11th Floor)
6      San Francisco, CA 94102
       Telephone: (415) 436-7200
7      Facsimile: (415) 436-7234
       E-mail: Peter.Axelrod@usdoj.gov
8
   Attorneys for the United States
9
                       UNITED STATES DISTRICT COURT
10
                     NORTHERN DISTRICT OF CALIFORNIA
11
                           SAN FRANCISCO DIVISION
12

13 | UNITED STATES OF AMERICA,        )   CRIMINAL NO.
                                      )
14 |     Plaintiff,                   )
                                      )   NOTICE OF PROCEEDINGS ON
15 | v.                               )   OUT-OF-DISTRICT CRIMINAL
                                      )   CHARGES PURSUANT TO RULES
16 | ROBERT P. PEEBLES,               )   5(c)(2) AND (3) OF THE FEDERAL RULES
                                      )   OF CRIMINAL PROCEDURE
17 |     Defendant.                   )
                                      )
18 | _____  )

19      Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal
20 Procedure that federal law enforcement agents intend to arrest the above-named defendant on
21 August 26, 2008 based upon an arrest warrant (copy attached) issued upon an
22      ☑ Indictment
23      ☐ Information
24      ☐ Criminal Complaint
25      ☐ Other (describe) _____
26 pending in the District of Connecticut, Case Number 3:08-CR-179 AVC.
27
28

RULE 5 NOTICE                            1

FILED

AUG 2 6 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JCS

1 | In that case, the defendant is charged with violations of Title 26, United States Code, Section § 7212(a); and Title 18, United States Code, Sections 1001 and 1341.

Description of Charges: Corruptly Obstructing and Impeding the Due Administration of the Internal Revenue Laws; False Statements; and Mail Fraud.

Respectfully Submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Date: 8/27/08

PETER B. AXELROD
Assistant U.S. Attorney

# ATTACHMENT

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

V.

**WARRANT FOR ARREST**

ROBERT P. PEEBLES

CASE NUMBER: 3:08cr179 AVC

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest   ROBERT P. PEEBLES

and bring him or her forthwith to the nearest magistrate to answer a(n) INDICTMENT

Charging him with (brief description of offense): Corruptly Obstructing & Impeding Due Administration of Internal Revenue Laws; Mail Fraud; False Statements

in violation of Titles  26 & 18  of  United States Code, Section(s)  7212(a); 1341 and 2; 1001(a)

| ROBIN D. TABORA | Clerk |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |
| By _L.C. Brown_ Deputy Clerk | 8/21/08 |
| Signature of Issuing Officer | Date and location |

Note: Prior to your court appearance, please contact the probation office in at 860 240 3661.

Bail Fixed at $ _____                Joan G. Margolis

Name of Judicial Officer

**RETURN**

This warrant was received and executed with the arrest of the above named defendant at: _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | A TRUE COPY<br>DATE Aug 21 '08 |
|---|---|---|
| DATE OF ARREST | SIGNATURE OF ARRESTING OFFICER | By _L.C. Tabora_<br>Deputy Clerk |

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-08-3

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:08CR_____ |
| v. | VIOLATIONS: |
| ROBERT P. PEEBLES, | 26 U.S.C. § 7212(a) (Corruptly Obstructing and Impeding the Due Administration of the Internal Revenue Laws) |
| Defendant. | 18 U.S.C. § 1341 (Mail Fraud) |
| | 18 U.S.C. § 1001 (False Statements) |

INDICTMENT

The Grand Jury charges as follows:

General Allegations

The Private Annuity

1. At all times relevant to the Indictment, the defendant, ROBERT P. PEEBLES, was a resident of the State of California. Defendant PEEBLES was the nephew of Charlotte W. Peebles ("Charlotte Peebles"), who was a resident of the State of Connecticut until she died in February 2001.

2. In or about 1994, Charlotte Peebles formed the Charlotte W. Peebles Revocable Trust Agreement of 1994 (the "Charlotte Peebles Trust"). The Charlotte Peebles Trust was made between Charlotte Peebles and co-trustees defendant ROBERT P. PEEBLES and Fleet Bank. At that time, Charlotte Peebles transferred to the Charlotte Peebles Trust marketable securities and bonds valued at approximately $1 million. Under the agreement, Charlotte Peebles, as the beneficiary, was entitled to lifetime use of the trust assets. As co-trustee, defendant PEEBLES had a fiduciary duty to manage the funds in the best interests of the Charlotte Peebles Trust. By

on or about August 31, 2000, the assets owned by the Charlotte Peebles Trust had appreciated in value to approximately $5 million.

3. On or about September 1, 2000, defendant ROBERT P. PEEBLES caused the Charlotte Peebles Trust to enter into a private annuity agreement with a trust formed by defendant PEEBLES in about August 2000 called the Robert Peebles Irrevocable Trust of 2000 (the "Robert Peebles Trust"). As part of that private annuity agreement, defendant PEEBLES caused various assets valued at $3,989,661.65 of the approximately $5 million in assets owned by the Charlotte Peebles Trust to be transferred to the Robert Peebles Trust in return for a promise to pay the Charlotte Peebles Trust an initial payment of approximately $25,120, and an annual payment of approximately $327,486.

4. On or about September 1, 2000, the date on which defendant ROBERT P. PEEBLES caused the Charlotte Peebles Trust to enter into the private annuity agreement, Charlotte Peebles was 96 years old. The payments for the private annuity were based on a life expectancy for Charlotte Peebles of 110.

5. Sixth months later, on or about February 8, 2001, Charlotte Peebles died at the age of 96.

## Preparation of the Tax Returns

6. At all times relevant to the Indictment, federal law required defendant ROBERT P. PEEBLES, as the executor of the Estate of Charlotte Peebles (the "Estate"), to file a United States Estate Tax Return, known as a Form 706, on behalf of the Estate with the Internal Revenue Service (the "IRS").

7. At all times relevant to the Indictment, Connecticut law required defendant ROBERT P. PEEBLES, as the executor of the Estate, to file a Succession Tax Return, known as a Form S-1, with the Madison Probate Court and the Connecticut Department of Revenue Services (the "DRS").

8. On or about February 9, 2001, defendant ROBERT P. PEEBLES contacted an attorney in Connecticut, referred to hereinafter as "S.A.," to prepare the Federal Estate Tax Return, Form 706, and the Connecticut Succession Tax Return, Form S-1, on behalf of the Estate.

9. On or about June 12, 2001, S.A. had a discussion with defendant ROBERT P. PEEBLES about the private annuity and the fact that S.A. thought that the private annuity would probably have to be reported on the tax returns that he was preparing for the Estate.

10. On or about July 25, 2001, S.A. again discussed with defendant ROBERT P. PEEBLES the issue of whether the private annuity needed to be disclosed. Later that same day, defendant ROBERT P. PEEBLES fired S.A.

11. On or about July 31, 2001, after having fired S.A., defendant ROBERT P. PEEBLES retained an accountant in Connecticut, referred to hereinafter as "J.A.," to prepare and file a Form 706 with the IRS, and to prepare and file a Form S-1 with the Madison Probate Court and the DRS. J.A. obtained the assistance of another accountant, referred to hereinafter as "E.S.," to assist him in preparing the returns on behalf of the Estate.

12. J.A. and E.S. each asked defendant ROBERT P. PEEBLES about the existence of any annuities, including private annuities, and about the existence of any transfers out of the estate. In response, defendant PEEBLES did not disclose the existence of the private annuity,

and did not disclose to J.A. or E.S. the fact that he had caused $3,989,611.65 to be transferred from the Charlotte Peebles Trust to the Robert Peebles Trust on or about September 1, 2000.

13. J.A. and E.S. prepared the Form 706 and the Form S-1. J.A. and E.S. prepared the returns based on documentary and verbal information received from defendant ROBERT P. PEEBLES.

14. In or about October 2001, the exact date being unknown to the Grand Jury, defendant ROBERT P. PEEBLES signed the Form 706 and dated it October 15, 2001. Above defendant PEEBLES' signature, the Form 706 states: "Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete."

15. In or about October 2001, the exact date being unknown to the Grand Jury, defendant ROBERT P. PEEBLES signed the Form S-1 and dated it October 15, 2001. Above defendant PEEBLES' signature, the Form S-1 states: "I declare under penalty of false statement that I have examined this return and that to the best of my knowledge it is true, complete and correct."

16. On or about October 24, 2001, E.S. filed and caused to be filed the Form 706 with the IRS by sending it to the IRS via certified mail. On or about the same date, E.S. filed and caused to be filed the Form S-1 with the Madison Probate Court and the DRS by sending it to the Probate Court and the DRS via certified mail. Neither the Form 706 nor the Form S-1 disclosed the existence of the private annuity agreement, or the fact that $3,989,611.65 was transferred from the Charlotte Peebles Trust in connection with the private annuity agreement approximately six months before Charlotte Peebles died at the age of 96.

## The Audit

17. On or about May 30, 2003, the IRS advised defendant ROBERT P. PEEBLES that it was conducting an audit of the Form 706 filed by defendant ROBERT P. PEEBLES on behalf of the Estate of Charlotte Peebles.

18. On or about October 23, 2003, during the course of representing defendant ROBERT P. PEEBLES in the audit, J.A. became aware of the existence of the private annuity that the defendant had not previously disclosed to him. That same day, J.A. sent defendant PEEBLES a letter via certified mail stating that he would no longer represent PEEBLES before the IRS due to PEEBLES' failure to disclose the existence of the private annuity to him.

19. On or about February 19, 2004, IRS officials interviewed defendant ROBERT P. PEEBLES under oath in connection with the IRS's audit of the Form 706. Defendant PEEBLES admitted that he did not disclose the private annuity agreement to either J.A. or E.S. in connection with the preparation and filing of the Form 706 and the Form S-1. During the interview, defendant PEEBLES falsely stated, among other things:

(a) that he did not disclose the existence of the private annuity to J.A. because defendant PEEBLES was never asked about it;

(b) that he was not asked by J.A. or E.S. if any transfers had occurred in the three years preceding death from the Charlotte Peebles Trust; and

(c) that the reason the private annuity was not included on the Connecticut Succession Tax Return (Form S-1) was that it was an "oversight."

## COUNT ONE
### (Obstructing and Impeding the Due Administration of the Internal Revenue Laws – 26 U.S.C. § 7212(a))

1. The allegations contained in paragraphs 1 through 19 of the General Allegations of this Indictment are realleged and incorporated as though fully set forth herein.

2. From in or about August 2000, the exact date being unknown to the Grand Jury, through at least on or about February 19, 2004, in the District of Connecticut and elsewhere, the defendant, ROBERT P. PEEBLES, corruptly endeavored to obstruct and impede the due administration of the internal revenue laws by:

    (a) concealing the existence of the private annuity from J.A. and E.S., the accountants who prepared and filed the Form 706 and Form S-1;

    (b) concealing from J.A. and E.S. the transfer of $3,989,661.65 out of the Charlotte Peebles Trust on or about September 1, 2000;

    (c) signing and causing to be filed the Form 706, declaring under penalty of perjury that he had examined the return, and that to the best of his knowledge and belief, it was true, correct, and complete, when in truth and in fact, as defendant PEEBLES well knew, he had not disclosed the private annuity or the transfer of $3,989,611.65 on the Form 706;

    (d) signing and causing to be filed the Form S-1, declaring under penalty of false statement that he had examined the return and that to the best of his knowledge it was true, complete and correct, when in truth and in fact, as defendant PEEBLES well knew, he had not disclosed the private annuity or the transfer of $3,989,611.65 on the Form S-1; and

    (e) knowingly making materially false and misleading statements to IRS officers during an interview conducted under oath in connection with the IRS audit of the Form 706.

In violation of Title 26, United States Code, Section 7212(a).

### COUNTS TWO through FOUR
### (Mail Fraud -- 18 U.S.C. § 1341)

1. The allegations contained in paragraphs 1 through 19 of the General Allegations of this Indictment are realleged and incorporated as though fully set forth herein.

### The Scheme and Artifice to Defraud

2. Beginning in or about August 2000, the exact date being unknown to the Grand Jury, through at least on or about February 19, 2004, in the District of Connecticut and elsewhere, defendant ROBERT P. PEEBLES knowingly and intentionally devised and intended to devise, and participated in, a scheme and artifice to defraud the State of Connecticut out of money and property, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

### The Purpose of the Scheme

3. The purpose of the scheme and artifice to defraud was for defendant ROBERT P. PEEBLES to enrich himself by concealing the transfer of $3,989,661.65 from the Charlotte Peebles Trust to the Robert Peebles Trust and thereby defraud the State of Connecticut out of taxes that would have been due and owing had the transfer of the $3,989,661.65 been disclosed to the Department of Revenue Services on the Form S-1.

### Manner And Means Of The Scheme

The defendant ROBERT P. PEEBLES executed the scheme and artifice through the following manner and means, among others:

4. It was part of the scheme and artifice to defraud that defendant ROBERT P. PEEBLES would and did retain J.A. to prepare the Form S-1 knowing that J.A. was unaware of the private annuity or the transfer of $3,989,661.65 from the Charlotte Peebles Trust to the Robert Peebles Trust.

5. It was further part of the scheme and artifice to defraud that defendant ROBERT P. PEEBLES would and did conceal the private annuity between the Charlotte Peebles Trust and the Robert Peebles Trust from J.A. and E.S., the accountants who prepared and caused to be filed the Form S-1.

6. It was further part of the scheme and artifice to defraud that defendant ROBERT P. PEEBLES would and did conceal the transfer of $3,989,661.65 out of the Charlotte Peebles Trust on or about September 1, 2000 from J.A. and E.S. in connection with the preparation of the Form S-1.

7. It was further part of the scheme and artifice to defraud that defendant ROBERT P. PEEBLES would and did conceal from J.A. and E.S. certain records, including account statements and tax returns, that would have revealed to them that up until about August 31, 2000, the Charlotte Peebles Trust had approximately $5 million in assets, and that on or about September 1, 2000, approximately sixth months before Charlotte Peebles died, $3,989,661.65 of those assets had been transferred to the Robert Peebles Trust.

8. It was further part of the scheme and artifice to defraud that defendant ROBERT P. PEEBLES would and did fail to disclose on the Form S-1 the private annuity between the Charlotte Peebles Trust and the Robert Peebles Trust, and the transfer of $3,989,611.65 out of the Charlotte Peebles Trust, even though Question 17 on the Form S-1 asked the following

question: "Did the decedent . . . [m]ake any transfer of property, real or personal, in which he retained any interest such as possession, use, income or enjoyment, or for which he received a private annuity?"

9. It was further part of the scheme and artifice to defraud that the defendant would and did knowingly make materially false statements to IRS officials about, among other things, his communications and interactions with J.A. and E.S., and about the reasons he did not disclose the private annuity to them or disclose it on the Form S-1.

### Execution of the Scheme

10. For the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, on or about the dates listed below, in the District of Connecticut and elsewhere, the defendant ROBERT P. PEEBLES did knowingly: (i) place in any post office and authorized depository for mail matter, any matter or thing whatever to be sent and delivered by the Postal Service; (ii) deposit and cause to be deposited any matter and thing whatever to be sent and delivered by any private and commercial interstate carrier; and (iii) cause to be delivered by mail and private and commercial interstate carrier, according to the direction thereon, the following, each of which constitutes a separate count of the indictment:

| COUNT | DATE | USE OF UNITED STATES MAIL OR PRIVATE AND COMMERCIAL INTERSTATE CARRIER |
|---|---|---|
| 2 | 7/31/01 | Letter sent via FedEx by defendant ROBERT P. PEEBLES to J.A. enclosing documentation relating to the preparation of the Form S-1 |
| 3 | 9/26/01 | Memorandum re: Estate of Charlotte Peebles sent via U.S. Mail by E.S. to defendant ROBERT P. PEEBLES |
| 4 | 10/24/01 | Letter sent via certified U.S. Mail by E.S. to Madison Probate Court, enclosing for filing Connecticut Succession Tax Return, Form S-1 |

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FIVE
### (False Statements -- 18 U.S.C. § 1001)

1. The allegations contained in paragraphs 1 through 19 of the General Allegations of this Indictment are realleged and incorporated as though fully set forth herein.

2. It was material to the IRS's audit of the Estate of Charlotte Peebles to determine, among other things:

(a) whether defendant ROBERT P. PEEBLES disclosed to J.A. or E.S., the accountants who prepared the Form 706 and Form S-1, the existence of the private annuity agreement referred to in paragraph 3, above, and, if not, the reason that defendant PEEBLES did not disclose the existence of the private annuity agreement to J.A. or E.S.; and

(b) whether defendant ROBERT P. PEEBLES had disclosed to J.A. or E.S. any transfers out of the Estate within the three years preceding Charlotte Peebles' death, and if not, the reason that he did not disclose such transfers; and

(c) the reason that defendant PEEBLES did not disclose the private annuity or the transfer of $3,989,611.65 on the Form 706 and the Form S-1.

3. On or about February 19, 2004, within the District of Connecticut and elsewhere, defendant ROBERT P. PEEBLES, in a matter within the jurisdiction of the Internal Revenue Service (the "IRS"), an agency of the executive branch of the Government of the United States, did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation, in that:

(a) defendant PEEBLES falsely stated to IRS officials who were conducting an audit of the Form 706 that he did not disclose the existence of the private annuity to J.A. because defendant PEEBLES was never asked about it, when in truth and in fact, as defendant PEEBLES

well knew, J.A. and E.S. had asked defendant PEEBLES about the existence of any annuities, including private annuities, but defendant PEEBLES intentionally concealed the existence of the private annuity from them;

(b) defendant PEEBLES falsely stated to IRS officials who were conducting an audit of the Form 706 that he was not asked by J.A. or E.S. if any transfers had occurred within three years of Charlotte Peebles' death from the Charlotte Peebles Trust, when in truth and in fact, as defendant PEEBLES well knew, defendant PEEBLES was asked by J.A. and E.S. if any transfers had occurred within three years of Charlotte Peebles' death from the Charlotte Peebles Trust, but defendant PEEBLES falsely told them that no such transfers had occurred; and

(c) defendant PEEBLES falsely stated to IRS officials who were conducting an audit of the Form 706 that the reason why the private annuity was not listed on the Connecticut Succession Tax Return, Form S-1, was that it was an "oversight," when in truth and in fact, as defendant PEEBLES well knew, the reason why the private annuity was not included on the Connecticut Succession Tax Return was that he intentionally concealed its existence from J.A. and E.S., the accountants who prepared the Connecticut Succession Tax Return.

All in violation of Title 18, United States Code, Section 1001(a).

A TRUE BILL

_____
FOREPERSON

*Nora R. Dannehy*
NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

_____
ERIC J. GLOVER
ASSISTANT UNITED STATES ATTORNEY